CIVILLE & TANG, PLLC
330 HERNAN CORTEZ AVENUE, SUITE 200
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 472-8868/69
FACSIMILE: (671) 477-2511

*Attorneys for Defendant*
*Ernesto Dizon aka Romel*



## IN THE UNITED STATES DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. CR04-00048 |
| Plaintiff, | ) | |
| vs. | ) | **DEFENDANT'S RESPONSE TO PRESENTENCE REPORT** |
| ERNESTO DIZON, aka ROMEL, | ) | |
| Defendant. | ) | |

**I. Acceptance of Presentence Report.** Defendant, through counsel, accepts the findings set forth in the presentence report.

**II. Suggested Sentence.** The United States has advised the defendant that, later today, it will file a motion asking the Court for a downward departure based on Mr. Dizon having provided timely and substantial cooperation to the Government. The defendant of course supports the Government's motion, and urges the Court to grant a downward departure. At the same time, the defendant believes that the Government's requested two level departure, from a Level 29 to a Level 27, undervalues the cooperation provided by the defendant, and that a departure to a Level 24 would more appropriately recognize the value of Mr. Dizon's cooperation, while at the same time continuing to impose a significant sentence for his misconduct. Mr. Dizon continues to be willing to provide cooperation regarding one of his accomplices who has not been arrested.

Case 1:04-cr-00048    Document 80    Filed 01/18/2006    Page 1 of 3
ORIGINAL

In imposing sentence, Mr. Dizon asks the Court to consider that he is 51 years old and that this is his first time before the Court. Mr. Dizon understands that what he did was a serious crime and harmful to the community. He deeply regrets his criminal conduct, and he understands that, despite his cooperation, the Court will still impose a significant sentence of imprisonment. Mr. Dizon asks the Court to take into consideration that, whatever the sentence imposed by the Court, he will almost certainly be in his mid to late 50's before he is released from prison. Mr. Dizon's punishment for his crime will not end with his release from prison. Because he is only a lawful permanent resident of the United States, upon his release from prison he will be deported to the Philippines. Given his age, Mr. Dizon's prospects for anything other than marginal employment when he returns to the Philippines are virtually non-existent. Even though he has no one else to blame except himself for the fate that awaits him, it nonetheless is a bitter pill to swallow, and one which haunts Mr. Dizon's waking moments. If the Court sentences Mr. Dizon to the suggested sentence of 51 months under Level 24, the Court can be assured that Mr. Dizon will continue to pay for his crime for the rest of his life.

Based on the foregoing, Mr. Dizon asks the Court to grant the Government's motion for a downward departure, but to grant a greater departure, to Level 24, than requested by the Government. Mr. Dizon further requests that Court sentence him to the minimum sentence under Level 24, which is a term of imprisonment of 51 months.

Respectfully submitted this 18th day of January, 2006.

CIVILLE & TANG, PLLC

By G. PATRICK CIVILLE
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I, G. PATRICK CIVILLE, hereby certify that on January 18, 2006, a copy of the foregoing document was duly served by hand-delivery on the Office of the United States Attorney, Suite 500, Sirena Plaza, 108 Hernan Cortez Street, Hagåtña, Guam 96910.

DATED this 18th day of January, 2006.

CIVILLE & TANG, PLLC

By G. PATRICK CIVILLE
*Attorneys for Defendant*