IN THE DISTRICT COURT OF GUAM
TERRITORY OF GUAM
CRIMINAL MINUTES
SENTENCING

**FILED**
DISTRICT COURT OF GUAM
JAN 19 2006
MARY L.M. MORAN
CLERK OF COURT

CASE NO. CR-04-00048-003        DATE: 01/19/2006

HON. DONALD W. MOLLOY, Designated Judge, Presiding
Court Reporter: Wanda Miles
Hearing Electronically Recorded: 10:05:35 - 10:23:23; 10:53:03 - 11:20:48

Law Clerk: Jeff Roth
Courtroom Deputy: Virginia T. Kilgore
CSO: F. Tenorio

**********************APPEARANCES**********************

**DEFT: ERNESTO DIZON aka Romel**
(X) PRESENT  (X) CUSTODY  ( ) BOND  ( ) P.R.

**ATTY: G. PATRICK CIVILLE**
(X) PRESENT  ( ) RETAINED  ( ) FPD  (X) CJA APPOINTED

U.S. ATTORNEY: MARIVIC DAVID

AGENT: JOHN DUENAS, IMMIGRATION AND CUSTOMS ENFORCEMENT

U.S. PROBATION: F. MICHAEL CRUZ
INTERPRETER: _____

U.S. MARSHAL: V. ROMAN / G. PEREZ
LANGUAGE: _____

(X) COURT STATES THE APPROPRIATE BASE OFFENSE LEVELS _____
   Base offense level: 32     Total offense level: 27     Criminal History Category: I

   NO OBJECTIONS BY THE GOVERNMENT AND DEFENSE

(X) ATTORNEY FOR DEFENDANT ADDRESSES THE COURT:
Requested the Court for a further downward departure to a level 24. DENIED. Counsel requested the Court to sentence the defendant to the low end of the guideline. He requested the Court to recommend that defendant participate in a drug rehabilitation program. GRANTED. Defense further requested the Court to discharge him and appoint a new attorney. The Court stated that the matter will be referred to the Magistrate Judge.

( ) DEFENDANT ADDRESSES THE COURT AND APOLOGIZES

(X) GOVERNMENT ADDRESSES THE COURT AND MAKES ITS RECOMMENDATION:
The Government moved for a 3E1.1 one-level reduction and further moved for a two-level downward departure. GRANTED. Government recommended 70 months. Government moved to dismiss Count I. GRANTED.

( ) LETTER(S) OF RECOMMENDATION RECEIVED BY THE COURT

NOTES/OTHER MATTERS:

The Court and the parties adopted the presentence report.

Defendant requested to withdraw his guilty plea and informed the Court that he is hiring a new attorney, Mr. David Lujan. After a short recess, Mr. Civille informed the Court that Mr. Lujan's office has told him defendant has not fulfilled requirements for a retainer. He stated that his client requests the Court to continue his sentencing so that he may consult with his new attorney and to give his attorney the opportunity to file any motions he feels is necessary. He further stated that Mr. Dizon is unhappy with counsel's representation. The Court DENIED the defendant's motion to continue sentencing and stated its reasons.

The Court directed the Clerk's office to file a Notice of Appeal on behalf of the defendant.

| SENTENCE: CR-04-00048-003 | DEFENDANT: ERNESTO DIZON aka ROMEL |

(X) DEFENDANT COMMITTED TO THE BUREAU OF PRISONS FOR A TERM OF <u>SEVENTY MONTHS WITH CREDIT FOR TIME SERVED.</u> WHILE IN PRISON, DEFENDANT SHALL PARTICIPATE IN ANY DRUG TREATMENT PROGRAM APPROVED BY THE BUREAU OF PRISONS.

( ) COURT RECOMMENDATION TO THE BUREAU OF PRISONS AT _____.

(X) UPON RELEASE FROM IMPRISONMENT, DEFENDANT IS PLACED ON SUPERVISED RELEASE FOR A TERM OF <u>FIVE YEARS</u>.

THE TERM OF SUPERVISED RELEASE WILL INCLUDE THE FOLLOWING CONDITIONS:

1. DEFENDANT SHALL BE TURNED OVER TO A DULY AUTHORIZED IMMIGRATION OFFICIAL FOR DEPORTATION PROCEEDINGS PURSUANT TO 18 U.S.C §§ 3583(d), AND WITH THE ESTABLISHED PROCEDURES PROVIDED BY THE IMMIGRATION AND NATURALIZATION ACT UNDER 8 U.S.C. § 1101. AS A FURTHER CONDITION OF SUPERVISED RELEASE, IF ORDERED DEPORTED, THE DEFENDANT SHALL REMAIN OUTSIDE AND SHALL NOT RE-ENTER THE UNITED STATES WITHOUT THE PERMISSION OF THE ATTORNEY GENERAL OR HIS SUCCESSOR. IF CODE AND WITH THE ESTABLISHED PROCEDURES BY THE IMMIGRATION AND NATURALIZATION ACT. IF ORDERED DEPORTED HE SHALL AND NOT RE-ENTER THE UNITED STATES. IF DEPORTATION FAILS TO OCCUR AND THE DEFENDANT IS PENDING FURTHER IMMIGRATION PROCEEDINGS, HE SHALL IMMEDIATELY REPORT TO THE U.S. PROBATION OFFICE TO BEGIN HIS TERM OF SUPERVISED RELEASE.

2. DEFENDANT SHALL NOT COMMIT ANY FEDERAL, STATE, OR LOCAL CRIMES.

3. DEFENDANT SHALL COMPLY WITH THE STANDARD CONDITIONS OF SUPERVISED RELEASE AS SET FORTH BY THE U.S. PROBATION OFFICE AND PURSUANT TO 18 U.S.C. § 3583.

4. DEFENDANT SHALL NOT POSSESS A FIREARM OR OTHER DANGEROUS WEAPON INCLUDING AMMUNITION.

5. DEFENDANT SHALL SUBMIT TO THE COLLECTION OF A DNA SAMPLE AT THE DIRECTION OF THE U.S. PROBATION OFFICE.

6. DEFENDANT SHALL NOT USE OR POSSESS ILLEGAL CONTROLLED SUBSTANCES.

7. DEFENDANT SHALL SUBMIT TO ONE DRUG TEST WITHIN 15 DAYS OF RELEASE FROM CUSTODY AND AT LEAST TWO PERIODIC DRUG TESTS THEREAFTER, NOT TO EXCEED EIGHT TESTS PER MONTH, AS DIRECTED BY THE U.S. PROBATION OFFICE.

8. DEFENDANT SHALL PARTICIPATE IN A PROGRAM APPROVED BY THE U.S. PROBATION FOR SUBSTANCE ABUSE, WHICH MAY INCLUDE TESTING TO DETERMINE WHETHER THE DEFENDANT HAS REVERTED TO THE USE OF DRUGS OR ALCOHOL.

9. DEFENDANT SHALL PERFORM 150 HOURS OF COMMUNITY SERVICE WHICH SHALL BE DONE AT A RATE OF NOT LESS THAN 10 HOURS PER MONTH. DEFENDANT SHALL PROVIDE TO THE U.S. PROBATION OFFICE WRITTEN VERIFICATION FROM THE PERSON OR ENTITY INDICATING THE WORK AND THE TIME PERFORMED.

IT IS FURTHER ORDERED THAT THE DEFENDANT PAY TO THE UNITED STATES A SPECIAL ASSESSMENT FEE OF $100.00 TO BE PAID IMMEDIATELY AFTER SENTENCING. IF UNABLE TO PAY, DEFENDANT SHALL PAY THROUGH THE INMATE FINANCIAL RESPONSIBILITY ACT AT A RATE OF NOT LESS $25.00 PER QUARTER.

PURSUANT TO THE GUIDELINES, ALL FINES ARE WAIVED SINCE IT HAS BEEN DETERMINED THAT THE DEFENDANT DOES NOT HAVE THE ABILITY TO PAY.

COURT STATES THE JUSTIFICATION OF SENTENCE IMPOSED. DEFENDANT ADVISED OF HIS APPEAL RIGHTS. DEFENDANT REMANDED TO THE CUSTODY OF THE U.S. MARSHAL.