CIVILLE & TANG, PLLC
330 HERNAN CORTEZ AVENUE, SUITE 200
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 472-8868/69
FACSIMILE: (671) 477-2511

*Attorneys for Defendant*
*Ernesto Dizon aka Romel*



## IN THE UNITED STATES DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. CR04-00048 |
| Plaintiff, | ) | |
| vs. | ) | MOTION TO WITHDRAW AS COUNSEL AND MEMORANDUM |
| ERNESTO DIZON, aka ROMEL, | ) | OF POINTS AND AUTHORITIES |
| Defendant. | ) | |

Patrick Civille ("Civille"), counsel for the defendant, Ernesto Dizon ("Dizon"), hereby moves this Court for an Order permitting Civille to withdraw as counsel of record for Dizon in the above matter. The basis for this motion is that Dizon has stated in open court that he is not happy with the representation provided by Civille, and that he wants to appeal the denial of his request to withdraw his guilty plea and his sentence. This motion is supported by the memorandum of points and authorities which follows and the Declaration of counsel filed herewith.

### MEMORANDUM OF POINTS AND AUTHORITIES

**1. Relevant Facts.** Civille is court appointed counsel for Dizon. On January 19, 2006, Dizon appeared in Court, with Civille, for sentencing on a charge of Importation of Methamphetamine Hydrochloride, to which he had pled guilty on December 23, 2004 by way

of an Amended Plea Agreement. The sentencing proceeded in a normal manner. The Court, upon being advised by counsel for both sides that there were no objections to the presentence report and no reason for the Court not to proceed to sentencing, accepted the Amended Plea Agreement and provided Civille the opportunity to speak on Dizon's behalf. Civille asked the Court to grant the Government's motion for a downward departure, but requested that the Court depart an additional three levels, to a Level 24, which carried a lower end range of 51 months.

At that point in the sentencing, the Court afforded Dizon the opportunity to address the Court. Dizon stated he was not happy with Civille's representation, and that he had retained Attorney David Lujan, a month of so earlier, by having his wife pay Mr. Lujan $10,000. Dizon further stated that he wanted to withdraw his guilty plea.

Dizon's statement caught everyone in the courtroom by surprise. The Court granted a short recess to permit Civille to contact Attorney Lujan's office, and to discuss this unexpected turn of events with Dizon. Attorney Lujan was in Hawaii at the time, but one of his partners informed Civille that Dizon had not retained the Lujan firm, and that if any money had been paid, it was not what was required under any fee agreement to commence that firm's representation of Dizon.

When the Court reconvened, Civille conveyed to the Court what he had learned during the recess. The Court made further inquiry of Dizon, and Dizon persisted in saying that he wanted to withdraw his plea and that he had retained David Lujan to represent him. Dizon further added, that one of the reasons he was unhappy with Civille was that Civille had not secured his release from confinement pending sentencing, thereby hampering Dizon's ability to do things which might have earned him a greater downward departure.

The Court, citing several factors, rejected Dizon's request for a continuance and his request for new counsel and proceeded with sentencing. Dizon was thereupon sentenced to a term of 70 months imprisonment, with credit for time served.

At the conclusion of the sentencing, Dizon asked the Court to enter a notice of appeal on his behalf, which the Court said it would do. Civille then orally moved the Court for an order discharging him as counsel for Dizon. The Court was not prepared to do this, and suggested that counsel was take the matter up with either the Magistrate Judge or the Ninth Circuit.

As of the date of this motion, the Clerk's Office has not yet entered a Notice of Appeal on Dizon's behalf, and jurisdiction is still vested in this Court.

**2. Argument**. The Guam Rules of Professional Responsibility requires withdrawal if "the representation will result in violation of the rules of professional conduct" or "the lawyer is discharged." Guam R. Prof. Resp. 1.16(a)(1), (a)(2). Dizon has effectively discharged Civille by his comments in open court.

There has also been a breakdown of communication between the undersigned and the defendant. The defendant has undertaken actions without communicating with Civille. The breakdown in communication is sufficient grounds for withdrawal under Rule 1.16(a)(1).

The Rules permit withdrawal as counsel where "the representation . . . been rendered unreasonably difficult by the client," and where "other good cause for withdrawal exists Rule 1.16 (b)(6), (b)(7). The defendant's actions at the sentencing constitute good cause for withdrawal. *See for example, Ambrose v. Detroit Edison Co.*, 237 N.W.2d 520, 522-23 (Mich. Ct. App. 1975) ("Courts agree that "It is clear that 'good cause' exists when the client has caused a total breakdown in the attorney-client relationship. . . . The relations between attorney and counsel are of a delicate and confidential nature. They should have faith in each other, and their relations should be such

that they can cordially co-operate. . . . a client's total failure to cooperate is sufficient 'good cause' to allow an attorney to discontinue representing his client . . . .").

**3. Conclusion.** Based on the foregoing, and given the irretrievable breakdown in the attorney - client relationship between Civille and Dizon, Civille requests that the Court grant him leave to withdraw as counsel herein for Dizon.

Respectfully submitted this 31st day of January, 2006.

CIVILLE & TANG, PLLC

By  G. PATRICK CIVILLE
*Attorneys for Defendant*