**CIVILLE & TANG, PLLC**
330 HERNAN CORTEZ AVENUE, SUITE 200
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 472-8868/69
FACSIMILE: (671) 477-2511

*Attorneys for Defendant Ernesto Dizon
aka Romel*



FILED
DISTRICT COURT OF GUAM
JAN 31 2006
MARY L.M. MORAN
CLERK OF COURT

## IN THE UNITED STATES DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL CASE NO. CR04-00048 |
| ) | |
| Plaintiff, ) | |
| ) | **DECLARATION OF COUNSEL** |
| vs. ) | **IN SUPPORT OF MOTION TO** |
| ) | **WITHDRAW AS COURT-** |
| ERNESTO DIZON, aka ROMEL, ) | **APPOINTED COUNSEL** |
| ) | |
| Defendant. ) | |
| _____) | |

I, G. PATRICK CIVILLE, hereby declare and state the following:

1. I am counsel for Defendant Ernesto Dizon, Aka Romel, having been appointed pursuant to the Criminal Justice Act. I submit this declaration in support of the accompanying Motion to Withdraw. I have personal knowledge of the facts set forth herein, and if called upon to testify, I would and could competently testify thereto.

2. On January 19, 2006, I appeared in court with Dizon for sentencing on a charge of Importation of Methamphetamine Hydrochloride, to which Dizon had pled guilty on December 23, 2004 by way of an Amended Plea Agreement.

3. The Court, upon being advised by counsel for both sides that there were no objections to the presentence report and no reason for the Court not to proceed to sentencing, accepted the Amended Plea Agreement and provided me the opportunity to speak on Dizon's

behalf. The Government had made a motion for a downward departure, to a Level 27, based on substantial cooperation provided by Dizon, and I asked the Court to grant the Government's motion for a downward departure, but requested that the Court depart an additional three levels, to a Level 24, which carried a lower end range of 51 months.

4.  At that point in the sentencing, the Court afforded Dizon the opportunity to address the Court. Dizon stated he was not happy with my representation, and that he had retained Attorney David Lujan, a month of so earlier, by having his wife pay Mr. Lujan $10,000. Dizon further told the Court that he wanted to withdraw his guilty plea.

5.  Dizon's statement caught everyone in the courtroom, including me, by surprise. The Court granted my request for a short recess to permit me to contact Attorney Lujan's office, and to discuss this unexpected turn of events with Dizon. Attorney Lujan was in Hawaii at the time, but one of his partners informed me that Dizon had not retained the Lujan firm, and that if any money had been paid, it was not what was required under any fee agreement to commence that firm's representation of Dizon.

6.  When the Court reconvened, I conveyed to the Court what I had learned during the recess. The Court made further inquiry of Dizon, and Dizon persisted in saying that he wanted to withdraw his plea and that he had retained David Lujan to represent him. Dizon further added, that one of the reasons he was unhappy with me was that I had not secured his release from confinement pending sentencing, thereby hampering Dizon's ability to do things which might have earned him a greater downward departure.

2

7. The Court, citing several factors, rejected Dizon's request for a continuance and his request for new counsel and proceeded with sentencing. Dizon was thereupon sentenced to a term of 70 months imprisonment, with credit for time served.

8. At the conclusion of the sentencing, Dizon asked the Court to enter a notice of appeal on his behalf, which the Court said it would do.

9. At the same time, I orally moved the Court for an order discharging me as counsel for Dizon based on Dizon's unhappiness with me and the obvious lack of communication between my client and me. The Court was not prepared to do this, and suggested that I take the matter up with either the Magistrate Judge or the Ninth Circuit.

10. As of the date of this Declaration, the Clerk's Office has not yet entered a Notice of Appeal on Dizon's behalf, and I believe jurisdiction is still vested in this Court.

11. I believe that Dizon's comments and actions are evidence of an irretrievable breakdown in the attorney client relationship, and I would find it very difficult to continue to represent a client who has so little trust or faith in me.

I hereby declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing declaration is true and correct.

Executed at Hagåtña, Guam, this 31st day of January, 2006.

*[signature]*
**G. PATRICK CIVILLE**

## CERTIFICATE OF SERVICE

I, G. PATRICK CIVILLE, hereby certify that on January 31, 2006, a copy of the Motion to Withdraw and Memorandum of Points and Authorities and Declaration of Counsel was duly served by hand-delivery on the (1) Office of the United States Attorney, Suite 500, Sirena Plaza, 108 Hernan Cortez Street, Hagåtña, Guam 96910, and (2) Defendant Ernesto Dizon, Federal Detention Facility, Hagåtña, Guam 96910.

DATED this 31st day of January, 2006.

CIVILLE & TANG, PLLC

By   G. PATRICK CIVILLE
*Attorneys for Defendant*